### NEKRITZ v. DUBERSTEIN et al.

(District Court, E. D. New York. January 5, 1921.)

Copyrights ☞53—Infringement by imitation of label.

    Labels used by defendants on their product *held* so clearly imitations of the copyrighted label of complainant, with only colorable changes, as to entitle complainant to a preliminary injunction.

In Equity. Suit by Louis Nekritz, doing business as the Perfect Polish Company against Barnett Duberstein and John Cooper, doing business as the New York Stove Polish Company. On motion for preliminary injunction. Granted.

Theodora Hooker Doyle, of Brooklyn, N. Y., for plaintiff.

Samuel Jacobs, of New York City, for defendants.

CHATFIELD, District Judge. The plaintiff alleges infringement of copyright by one of his former employees through sales upon the market of a product known as the Cee-Dee liquid stove shine, and asks an injunction pendente lite. The complaint shows that the plaintiff is an alien residing in Brooklyn, while the defendants are dents of Brooklyn, although their citizenship is not set forth. The plaintiff attempts to join the cause of action for unfair competition with that for infringement of copyright.

The defendants have now answered, and on the application for temporary injunction have submitted affidavits to contradict the statement of the plaintiff that the article of the defendants and the acts of them or their salesmen have actually misled, or that they tend to mislead, the public or interfere with the plaintiff's business. They also submit the labels used by them as an answer to the charges of infringement of copyright and unfair competition. The defendants' answer presents substantially a general denial of the plaintiff's allegations.

Defendants' idea as to the plaintiff's rights is shown by the charge that the plaintiff does not come into a court of equity with clean hands, because the plaintiff's label says that one application of his stove polish will last at least six months. Even though this be an exaggeration, it sounds rather remarkable in the mouth of parties who advertise at least twice upon their label that their stove shine gives an *everlasting* black luster. The labels are substantially identical in color, arrangement, and substance, both as to the printed matter and as to the picture. The defendants' label was evidently prepared

from the plaintiff's label, with slight changes to avoid the charge of copying; but these changes merely emphasize the imitation.

The differences from the copyrighted label·are but colorable transpositions. The arrangement of stoves and water boiler is reversed, while the young woman, who in the plaintiff's copyright is wielding a paint brush upon the stove, is in the defendants' label holding the paint brush either just before or just after application to the stove. The gas range in each label has an unusual form of side shelf with open burners, but on the defendants' picture of the stove this shelf has been lowered, so that it is down between the two stoves and on a level with the coal stove hearth. The hot-water gas heater has been omitted from the defendants' design, but two pipes; both entering the bottom of the water boiler and presumably intended to represent connections with a water back on the coal stove are added. But more obvious than the matters of detail which might be· distinguished by an observant person on close examination is the general resemblance in size and arrangement of printed matter and pictures and the color of the label itself.

Infringement of the copyright and unfair competition is so plainly evidenced that ·(the defendants having submitted to jurisdiction by their answer) upon the entire case such a palpable imitation should be restrained, unless and until the defendants can show, if they are able to do so, either the invalidity of the copyright or a valid defense against the charge of unfair competition.

Pending the outcome of the litigation an injunction will be granted.